# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHELLY GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-633 |
| | ) | |
| WERNER ENTERPRISES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court, *sua sponte*, on the issue of personal jurisdiction. For the reasons set forth below, this Court finds that it lacks personal jurisdiction over the remaining defendants in this case, Nesbett Johnson and Henri Larkin. The Court **GRANTS** Plaintiff's request in its Memorandum of Law in Support of Personal Jurisdiction over Defendants or in the Alternative Motion to Transfer Venue (DE #52), and hereby **ORDERS** the Clerk to **TRANSFER** this case to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1404(a).

BACKGROUND

On March 31, 2009, this Court entered summary judgment in favor of Defendants Werner Enterprises, Inc. and Drivers Management, LLC. The case remained pending against individual defendants, Nesbett Johnson and Henri Larkin. Neither Johnson nor

Larkin have appeared in this case. On May 22, 2009, Plaintiff moved for an entry of default against Johnson and Larkin, and the Clerk entered default against these defendants on May 27, 2009. Plaintiff filed a motion for default judgment as to Johnson and Larkin on June 4, 2009. During preparation for an evidentiary hearing on this matter, the Court voiced its concern over whether it had personal jurisdiction over Johnson and Larkin. Thus, the Court granted Plaintiff's motion to continue the evidentiary hearing and for leave to file a jurisdictional brief on the issue of personal jurisdiction. On August 14, 2009, Plaintiff filed her Memorandum of Law in Support of Personal Jurisdiction Over Defendants or in the Alternative Motion to Transfer Venue (DE #52).

It is undisputed that both Defendants Johnson and Larkin reside in South Carolina and that the alleged rape at issue in this case occurred in South Carolina. Johnson was an employee of Drivers Management, LLC, which conducted trucking operations throughout Indiana and owned a terminal and training facility in Indianapolis. Defendant Johnson trained Plaintiff Goins in Indiana, and then continued to train her by driving with her until they arrived in Orangeburg, South Carolina, on December 26, 2005. Johnson and Larkin allegedly raped and assaulted Plaintiff on December 28-29, 2005, in South Carolina.[1]

---

[1] The facts of this case are more extensively set forth in this Court's order dated March 31, 2009 (DE #34).

DISCUSSION

"A federal court sitting in diversity has personal jurisdiction only where the court of the state in which it sits would have jurisdiction." *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). It is the plaintiff's burden to make a prima facie showing of the existence of personal jurisdiction. *Id.* Depending on the type of contact with the forum state, it is possible for the Court to exercise either general or specific personal jurisdiction.

General jurisdiction exists if there is "continuous and systematic" contacts with Indiana so that the defendant would reasonably anticipate being under the jurisdiction of Indiana. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 966-68 (Ind. 2006). If there is not the type of continuous contacts to create general jurisdiction over a defendant, specific jurisdiction may be found "where a suit arises out of or is related to the defendant's contacts with the forum." *Citadel Group*, 536 F.3d at 760 n.3.

In Indiana, "personal jurisdiction depends on whether the requirements of the state's long-arm statute are met and whether federal due process requirements are satisfied." *Nerds On Call, Inc. (Indiana) vs. Nerds On Call, Inc. (California)*, 598 F.Supp.2d 913, 915 (S.D. Ind. 2008). Indiana's long-arm statute, Trial Rule 4.4(A), provides in pertinent part that an Indiana court "may exercise jurisdiction on any basis not inconsistent with the

Constitutions of this state or the United States." Thus, because the long-arm statute is "co-extensive with the limits of federal due process, the court applies federal due process standards." *Nerds On Call*, 598 F.Supp.2d at 915. In other words, specific jurisdiction may be found where a defendant purposefully conducts activity in Indiana, thus invoking the benefits and protections of Indiana's laws, and subjecting him to the Court's jurisdiction. *JPMorgan Chase Bank, N.A. v. Desert Palace, Inc.*, 882 N.E.2d 743, 747-52 (Ind. Ct. App. 2008).

In this case, Plaintiff argues that this Court has personal jurisdiction over Defendant Johnson because he conducted substantial activities as an employee of Werner Enterprises (a company which did trucking business in Indiana and had a terminal and training facility there), and because his training of Plaintiff in Indiana would lead him to reasonably believe he would be subject to jurisdiction in Indiana. This Court disagrees. Under the facts of this case, Johnson had no substantial connections with Indiana and there are insufficient minimum contacts to subject Johnson to this Court's personal jurisdiction. Johnson was a South Carolina resident, and the incident at issue in this case occurred in South Carolina. "One function of the concept of minimum contacts is to protect the defendant against the burdens of litigating in a distant or inconvenient forum." *First Nat'l Bank of Louisville v. Bezema*, 569 F.Supp. 818, 820 (S.D. Ind. 1983) (quoting *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). As in *Bezema*, where the Court dismissed the case for want of personal jurisdiction, there is "little doubt that defendant would be severely burdened by the expense of defending this action in Indiana." *Bezema*, 569 F.Supp. at 820.

Defendant Larkin has even less contact with Indiana than Johnson. It is undisputed that Larkin was never employed by Werner Enterprises, Inc. or Drivers Management, LLC., and that Larkin is a resident of South Carolina. Although Plaintiff attempts to argue that the alleged rape which occurred in South Carolina was part of a continuous course of conduct which effects Indiana, and thus general jurisdiction exists, Larkin's connection with Indiana is not "continuous and systematic." *Citadel Group*, 536 F.3d at 760 n.3.

28 U.S.C. section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). For the aforementioned reasons, it appears the District of South Carolina would be a more convenient forum for this litigation. Therefore, the Court transfers this matter to the United States District Court for the District of South Carolina.

CONCLUSION

For the aforementioned reasons, this Court finds that it lacks personal jurisdiction over the remaining defendants in this case, Nesbett Johnson and Henri Larkin.  The Court **GRANTS** Plaintiff's request in its Memorandum of Law in Support of Personal Jurisdiction over Defendants or in the Alternative Motion to Transfer Venue (DE #52), and hereby **ORDERS** the Clerk to **TRANSFER** this case to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1404(a).

**DATED: December 22, 2009**  /s/ RUDY LOZANO, Judge
**United States District Court**